# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SIMON NEWMAN,**

       **Plaintiff,**

**v.**                                                                               **Civil Action No. 5:06cv91**
                                                                                **(Judge Stamp)**

**AL HAYNES, K.M. WHITE, HARRELL
WATTS, HARLEY LAPPIN, USP-HAZELTON
AND STAFF,**

       **Defendants.**

## REPORT AND RECOMMENDATION

On July 21, 2006, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. On August 14, 2006, Plaintiff was granted permission to proceed as a pauper. This case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C.§§ 1915(e) and 1915A.

## I. The Complaint

First, Plaintiff asserts that on or about July 7, 2006, Lt. Clement and a "squad" came to Plaintiff's cell. Plaintiff asserts that all of his clothes were cut from his body, except for his boxers and socks. Plaintiff was then handcuffed in a black-box, waist chain and leg irons, and marched out of his cell. Once outside the cell, Plaintiff was led through some water that had settled on the floor, wetting his socked feet. As a result, Plaintiff slipped on a staircase injuring his ankle and causing lacerations to his wrists and ankles. While Plaintiff lay on the floor in excruciating pain, Lt. Clement ordered his squad to pick Plaintiff up by his arms and injured

foot, without regard for the pain Plaintiff was experiencing. Plaintiff was carried in that manner to another cell, where he was deposited on the floor. Plaintiff was joined by two other shackled inmates.

Second, Plaintiff asserts that Lt. Clement and the others knew that Plaintiff was a government snitch, yet they knowingly placed him in a cell with two inmates who harbor a deep hatred for snitches. Plaintiff was made to sleep in these conditions for two days and one night. During this time, Plaintiff remained shackled and without clothes. Plaintiff asserts that he was freezing and that the waist chain touching his bare skin was torture. Plaintiff also asserts that every movement hurt as the leg irons rubbed his injured ankle.

Third, Plaintiff asserts that staff later moved him to an "all-purpose room" that has no toilet or running water. Plaintiff asserts that he was forced to lie on cold concrete while the air conditioner ran full-blast, while still only dressed in boxers and socks. Plaintiff also asserts that he had to urinate and defecate on the floor and that had no paper with which to clean himself.

Fourth, Plaintiff asserts that on or about July 8, 2006, staff denied him lunch. On or about July 9, 2006, staff also allegedly denied Plaintiff breakfast. Plaintiff asserts that the actions of staff were in retaliation for his filing administrative remedies against Officer Benton and other USP-Hazelton staff.

Finally, Plaintiff asserts that in an effort to cover-up their illegal actions, Officer J. Steeber issued a false incident report. Plaintiff asserts that on or about July 17, 2006, he wrote to the Mid-Atlantic Regional Office requesting an independent investigation into these events.

As relief, Plaintiff requests that this case be "annexed and amended" to his other pending civil action in this Court, 5:06cv63. Plaintiff states that the claims raised in the instant complaint

were exhausted by administrative tort claim number TRT-MXR-2006-00675, which is on file with the Court in Plaintiff's other pending case. Plaintiff also seeks $1,500,000 in damages for pain and suffering, and punitive damages "due to severity and retaliatory nature and total disregard for my constitutional rights to be housed in a reasonable safe environment, and be free from physically (sic) torture and punishment in the name of revenge." Complaint at 6.

## II. Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

---

[1] Id. at 327.

3

## III. ANALYSIS

### A. Basis for Plaintiff's Claims

In the complaint, does not assert a basis for his claims. However, because Plaintiff asserts that he exhausted his administrative remedies by filing an administrative tort claim with the Bureau of Prisons ("BOP"), the undersigned recommends that Plaintiff's claims be construed as arising under the Federal Tort Claims Act ("FTCA").

### B. Proper Defendant under the FTCA

The FTCA waives the federal governments' traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Moreover, the FTCA provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment. See 28 U.S.C. § 2679. Therefore, the proper party defendant in a case arising under the FTCA is the United States of America. See Duncan v. Department of Labor, 313 F.3d 445, 447 (8th Cir. 2002). Accordingly, the undersigned recommends that the United States be substituted for the individual defendants.

### C. Exhaustion of Administrative Remedies

The disposition of a tort claim by a federal agency is a prerequisite to initiating suit in the district court. 28 U.S.C. § 2675. Section 2675(a) states:

> [a]n action shall not be instituted . . . against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee . . . while acting within the scope of . . . employment, unless the claimant shall have first presented

> the claim to the appropriate Federal agency and his claim shall
> have been finally denied by the agency in writing . . . The failure
> of an agency to make final disposition of a claim within six months
> after it is filed shall . . . be deemed a final denial of the claim for
> purposes of this section.

A claim is deemed presented "when a federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). Further, the statutory purpose of requiring an administrative claim is satisfied so long as "a claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability . . . " Rise v. United States, 630 F.2d 1068, 1071 (5th Cir. 1980).

In this case, Plaintiff asserts that he exhausted his administrative remedies with regard to this case when he filed administrative tort claim number TRT-MXR-2006-00675. Plaintiff asserts that a copy of that claim has been filed in his other pending case, 5:06cv63. Upon a review of the complaint, and the above-mentioned administrative tort claim,[2] the undersigned finds that Plaintiff could not possibly have exhausted the claims raised in the instant complaint prior to filing suit in this Court.

First, the BOP's response to administrative tort claim number TRT-MXR-2006-00675 is dated May 9, 2006, two months prior to the date the incident complained of in this case occurred. Second, this case was filed only 14 days after the events giving rise to this cause of action occurred. In fact, Plaintiff executed the instant complaint, only 11 days after the alleged incident occurred. However, based on the deadlines set forth under the appropriate regulations, this

---

[2] See Newman v. Haynes, 5:06cv63 (N.D. W. Va. 2006) at dckt. 8.

Court's experience with such claims, and the dictates of common sense, Plaintiff could not have exhausted his administrative remedies in such a short time period. See 28 C.F.R. § 14.2(c) (the agency has six months in which to make a final disposition of a tort claim).

Accordingly, it is clear from the face of the complaint that Plaintiff's claim is not exhausted and *sua sponte* dismissal is appropriate. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 682 (4th Cir. 2005) (if the failure to exhaust is apparent from the face of the complaint, the court has the authority under to 28 U.S.C. § 1915 to dismiss the case *sua sponte*).

### IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's claim be construed as a federal tort claim and the United States be substituted as the proper party defendant. In addition, because it is clear from the face of the complaint that Plaintiff failed to exhaust his administrative remedies prior to filing suit in this Court, the complaint should be DISMISSED without prejudice.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the report to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: November 16, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE