IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SIMON NEWMAN,

      Plaintiff,

v.                           Civil Action No. 5:06CV91
                                         (STAMP)

AL HAYNES, K.M. WHITE,
HARRELL WATTS, HARLEY LAPPIN,
USP-HAZELTON AND STAFF,

      Defendants.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
OVERRULING PLAINTIFF'S OBJECTIONS**

## I.  Procedural History

On July 25, 2006, the plaintiff, appearing pro se,[1] filed a civil rights complaint against the defendants, Al Haynes, K.M. White, Harrell Watts, Harley Lappin, USP-Hazelton and Staff. The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

On August 14, 2006, the plaintiff was granted permission to proceed in forma pauperis. On November 17, 2006, the magistrate judge submitted a report recommending that the plaintiff's claims be construed as arising under the Federal Tort Claims Act and the United States be substituted as the proper party defendant. The

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

magistrate judge further recommended that the plaintiff's complaint should be dismissed without prejudice because the plaintiff failed to exhaust his administrative remedies.

Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff filed objections to the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which an objection is made. The remaining portions of the report and recommendation to which the plaintiff did not object will be reviewed for clear error. This Court has now made an independent de novo consideration of the portions of the report and recommendation to which the plaintiff filed objections and a review for clear error to all remaining portions of the report and recommendation and is of the opinion that the magistrate judge's report and recommendation should be affirmed in its entirety.

## II.  Facts

First, the plaintiff asserts that on or about July 7, 2006, Lieutenant Clement and a "squad" came to the plaintiff's cell. Plaintiff asserts that all of his clothes were cut from his body, except for his boxers and socks. Plaintiff was then handcuffed in

a black-box, waist chain and leg irons and marched out of his cell. Once outside the cell, the plaintiff asserts that his socked feet became wet when he was led through some water that had settled on the floor. As a result, the plaintiff states that he slipped on a staircase injuring his ankle and causing lacerations to his wrists and ankles. While the plaintiff lay on the floor in excruciating pain, he asserts that Lieutenant Clement ordered the USP-Hazelton staff ("prison staff") present to pick the plaintiff up by his arms and injured foot without regard for the pain the plaintiff was experiencing. Plaintiff states that he was carried in that manner to another cell, where he was deposited on the floor. Then, the plaintiff states that he was joined by two other shackled inmates.

Second, the plaintiff asserts that Lieutenant Clement and the other prison staff knew that the plaintiff was a government snitch, yet they knowingly placed him in a cell with two inmates who harbor a deep hatred for snitches. Plaintiff states that he was made to sleep in these conditions for two days and one night. During this time, the plaintiff states that he remained shackled and without clothes. Plaintiff asserts that he was freezing and that the waist chain touching his bare skin was "torture." Plaintiff also asserts that every movement hurt as the leg irons rubbed his injured ankle.

Third, the plaintiff states that the prison staff later moved him to an "all-purpose room" that had no toilet or running water. Plaintiff states that he was forced to lie on cold concrete only dressed in boxers and socks while the air conditioner ran full-

blast.  Plaintiff also asserts that he had to urinate and defecate on the floor and that he had no toilet paper with which to clean himself.

Fourth, the plaintiff asserts that, on or about July 8, 2006, the prison staff denied him lunch.  Then, on or about July 9, 2006, the prison staff also allegedly denied him breakfast.  Plaintiff asserts that the actions of the prison staff were in retaliation for his filing of administrative remedies against Officer Benton and other prison staff.

Finally, the plaintiff asserts that in an effort to coverup their illegal actions, Officer J. Steeber issued a false incident report.  Plaintiff asserts that, on or about July 17, 2006, he wrote to the Mid-Atlantic Regional Office requesting an independent investigation into these events.

As relief in his complaint, the plaintiff requests that this case be "annexed and amended" to his other pending civil action in this Court, Civil Action No. 5:06CV63.  Plaintiff states that the claims raised in the instant complaint were exhausted by administrative "tort claim number TRT-MXR-2006-00675," which is on file with this Court in plaintiff's other pending case.  Plaintiff also seeks $1,500,000.00 in damages for pain and suffering and punitive damages "due to severity and retaliatory nature and total disregard for my constitutional rights to be housed in a reasonable safe environment, and be free from physically [sic] torture and punishment in the name of revenge."  (Compl. at 6.)

## III.  Applicable Law

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read pro se allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A complaint which fails to state a claim is not automatically frivolous. See Neitzke at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## IV.  Discussion

In his complaint, the plaintiff does not assert a basis for his claims.  However, the magistrate judge recommends that the plaintiff's claims should be construed as arising under the Federal

5

Tort Claims Act ("FTCA").  The magistrate judge recommended that the United States should be substituted as the proper defendant under the FTCA.  The plaintiff filed objections to the magistrate judge's report and recommendation asserting that this action should not be dismissed because of the retaliatory nature of the tort claim.  Further, the plaintiff alleges that he is being blocked from exhausting his administrative remedies.

First, this Court finds that the United States must be substituted as the proper defendant.  Second, this Court finds that the plaintiff has not demonstrated that he is being denied the ability to exhaust his administrative remedies.  Thus, for the reasons stated below, dismissal of this action is appropriate because the plaintiff failed to exhaust his administrative remedies before filing this action.

A.    Proper Defendant under the FTCA

The FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees.  28 U.S.C. § 1346(b)(1).  "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Moreover, the FTCA provides that an action against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment.  See 28 U.S.C.

§ 2679.  Therefore, the proper party defendant in a case arising under the FTCA is the United States of America.  See Duncan v. Department of Labor, 313 F.3d 445, 447 (8th Cir. 2002).  After a review for clear error, this Court finds that the United States must be substituted for the individual defendants.

B.    Exhaustion of Administrative Remedies

The disposition of a tort claim by a federal agency is a prerequisite to initiating an action in the district court.  28 U.S.C. § 2675.  Section 2675(a) states that:

> [a]n action shall not be instituted . . . against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee . . . while acting within the scope of . . . employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . . the failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).  A claim is deemed presented "when a federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident."  28 C.F.R. § 14.2(a).  Further, the statutory purpose of requiring a claimant to bring an administrative claim is satisfied so long as "a claim brings to the Government's attention facts sufficient to enable it thoroughly to

investigate its potential liability . . ."  <u>Rise v. United States</u>,
630 F.2d 1068, 1071 (5th Cir. 1980).

In this action, the plaintiff asserts that he exhausted his
administrative remedies with regard to this case when he filed
administrative tort claim number TRT–MXR–2006–00675.  The plaintiff
asserts that a copy of that claim has been filed in his other
pending case, Civil Action No. 5:06CV63.  Upon a review of the
complaint, and the above-stated administrative tort claim, this
Court agrees with the magistrate judge's findings that the
plaintiff could not possibly have exhausted the claims raised in
the instant complaint prior to filing suit in this Court.

First, the BOP's response to the administrative tort claim
number TRT–MXR–2006–00675 is dated May 9, 2006, two months prior to
the date the incident complained of in this action occurred.
Second, this case was filed only fourteen days after the events
giving rise to this cause of action occurred.  Based on the
deadlines set forth under the appropriate regulations, this Court's
experience with such claims and the dictates of common sense, the
plaintiff could not have exhausted his administrative remedies in
such a short time period.  <u>See</u> 28 C.F.R. § 14.2(c)(the agency has
six months in which to make a final disposition of a tort claim).

This Court finds that it is clear from the face of the
complaint that the plaintiff's claim is not exhausted and <u>sua
sponte</u> dismissal is appropriate.  <u>See</u> <u>Anderson v. XYZ Prison Health
Services</u>, 407 F.3d 674, 682 (4th Cir. 2005)(the failure to exhaust

is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case <u>sua sponte</u>).

In the plaintiff's objections, he acknowledges that he has not exhausted the administrative remedies available to him before filing the present action, but he asserts that he is unable to because he is being blocked from exhausting his administrative remedies. This Court notes that the plaintiff provides no evidence that he is being denied the ability to exhaust his administrative remedies. Further, this Court notes that it finds no evidence to support the plaintiff's assertion.

Accordingly, this Court finds that the plaintiff's complaint must be dismissed without prejudice subject to refiling after the plaintiff has exhausted his administrative remedies.

## V.   <u>Conclusion</u>

Because, after a <u>de novo</u> review of the matters objected to by the plaintiff, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objection to the report and recommendation lacks merit and is hereby OVERRULED, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. As to the portions of the report and recommendation to which no objection is made, this Court concludes that the magistrate judge's recommendation is without clear error and this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation. The plaintiff's complaint is hereby DISMISSED WITHOUT PREJUDICE subject to the plaintiff refiling after he has exhausted his administrative remedies.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the portion of the judgment of this Court to which an objection has been made to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the plaintiff may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the plaintiff's failure to object to portions of the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing those portions of the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     July 2, 2007


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE